

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | Civil Action No. |
| Plaintiff, | 1 03 CV 1494 |
| vs. | |
| **INTOWN SUITES MANAGEMENT, INC.,** | **JURY TRIAL** |
| Defendant. | **DEMANDED** |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of retaliation and record-keeping (failure to file EEO-1 reports), and to provide appropriate relief to the charging party, Ms. Diane Cantu, who was adversely affected by such practices. Ms. Cantu was subjected to adverse employment actions, culminating in discharge, for opposing racial discrimination against African-Americans and for participating in a proceeding

under Title VII. Prior to her discharge, Ms. Cantu had filed a charge of discrimination with the Equal Employment Opportunity Commission against the Defendant.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the

administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant InTown Suites Management, Inc., a Georgia corporation ("Defendant"), has continuously been a corporation doing business in the State of Georgia and the city of Atlanta (among other cities), and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Ms. Cantu filed her charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least September 2001, Defendant engaged in unlawful employment practices at its Atlanta, Georgia, facility, in violation of Section 704(a) of Title VII, 42 U.S.C. §§ 2000e-3(a), by subjecting Ms. Cantu to adverse employment actions, culminating in discharge, in retaliation for opposing practices made unlawful by Title VII and for participating in a proceeding under Title VII.

8. The effects of the practices complained of in paragraph 7 above have been to deprive Ms. Cantu of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in protected activity.

9. Since at least 2000, Defendant has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

10. The unlawful employment practices complained of in paragraph 7

above were intentional and were carried out with malice and/or reckless indifference to the federally protected rights of Ms. Cantu.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminates on the basis of involvement in activity protected by Title VII.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who engage in activity protected by Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make whole Ms. Cantu, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other

affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Ms. Cantu and/or front pay.

     D.     Order Defendant to make whole Ms. Cantu by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

     E.     Order Defendant to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

     F.     Order Defendant to make whole Ms. Cantu by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

G. Order Defendant to pay to Ms. Cantu punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper.

I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                Respectfully submitted,

                Gwendolyn Young Reams
                Associate General Counsel

                S. Robert Royal (Georgia Bar No. 617505)
                Regional Attorney
                Steven M. Tapper (Georgia Bar No. 698018)
                Senior Trial Attorney
                U. S. Equal Employment Opportunity Commission
                Atlanta District Office
                100 Alabama St., SW, Suite 4R30
                Atlanta, Georgia 30303
                Telephone:  (404) 562-6820
                Facsimile:   (404) 562-6905

## CERTIFICATE OF COMPLIANCE WITH LR 5.1B, NDGa

Plaintiff hereby certifies that, pursuant to LR 5.1B, NDGa, this pleading was prepared with 14 point Times New Roman font.

Respectfully submitted,

*[signature]*

Steven M. Tapper
Senior Trial Attorney
Georgia Bar No. 698018

U. S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6820
Facsimile: (404) 562-6905