FILED IN CHAMBERS
U.S.D.C. Atlanta

NOV 21 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, : <br><br> Plaintiff, : <br><br> and : <br><br> DIANE CANTU, : <br><br> Plaintiff-Intervenor, : <br><br> v. : <br><br> INTOWN SUITES MANAGEMENT, INC., : <br><br> Defendant. : | Civil Action No. <br> 1:03-CV-1494-RLV |

## CONSENT DECREE

This action was instituted on May 27, 2003, by the Equal Employment Opportunity Commission (hereinafter, the "Commission" or "EEOC") against the Defendant Intown Suites, Inc., (hereinafter, the "Defendant") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. (hereinafter "Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. 1981a, to remedy the

alleged wrongful employment practices identified in the Complaint filed in this action.

This Court has jurisdiction of the subject matter of this action and of the parties to this action.

The Commission alleged in the foregoing civil action that the Defendant acted unlawfully by subjecting Diane Cantu ("hereinafter "Plaintiff-Intervenor" or "Cantu") to discrimination based upon retaliation, in violation of Title VII.

In its Complaint, the EEOC sought to make whole relief including, but not limited to, back pay relief, with interest, compensatory and punitive damages, and injunctive and other affirmative relief. The Defendant filed its Answer on June 19, 2003, denying the allegations made by the EEOC in its Complaint. This agreement is not to be deemed or construed to be an admission of liability or wrongdoing by the Defendant but constitutes the good faith settlement of a disputed claim.

All of the parties to this action desire to avoid the additional expense, delay and uncertainty which would result from the continuance of this litigation and desire to formulate a plan to be embodied in a Consent Decree which will promote and effectuate the purposes of Title VII.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this

Consent Decree as one which will promote and effectuate the purposes of Title VII.

Now, therefore, this Court being fully advised in the premises, it is hereby ORDERED, ADJUDGED, AND DECREED:

### I. DISCLAIMER OF VIOLATION

It is understood and agreed that the negotiation, execution, and entry of this Consent Decree, and the undertakings made by the Defendant hereunder, are in settlement and compromise of disputed claims, the validity of which the Defendant denies. Neither the negotiation, execution, nor entry of this Consent Decree shall constitute an acknowledgment or admission of any kind by the Defendant.

This agreement is not to be deemed or construed to be an admission by the Defendant that its officers, agent, or employees have violated or have not been in compliance with Title VII or any rules and regulations issued under or pursuant to Title VII or any other applicable law, regulation, or order but constitutes the good faith settlement of a disputed claim. Neither the Consent Decree nor anything in the Consent Decree shall be admissible in any other judicial or administrative proceeding for any purpose except to enforce the terms of this Consent Decree.

## II. NON-RETALIATION PROVISION

The Defendant shall not retaliate against any person because that person is a beneficiary of the Consent Decree, or has provided information or assistance, or has participated in any other manner in any investigation or proceeding relating to this lawsuit, the underlying charge of discrimination, or the Consent Decree. The Defendant shall not retaliate or take any adverse action against Plaintiff-Intervenor in the future because she opposed practices that she believed were in violation of Title VII or filed charges of discrimination or otherwise participated in the equal employment opportunity process. The Defendant, to ensure equal opportunity in the employment process, shall comply with all requirements of Title VII.

## III. INSTRUCTION TO MANAGEMENT

Within 45 days from the entry of this Consent Decree, the Defendant shall certify, in writing, to the EEOC that all management and supervisory personnel who are currently employed at any of its Georgia facilities have been instructed as to the terms of this Consent Decree (other than the monetary amount of the settlement), and the full meaning of the provisions of the Notice to be posted, and that the Defendant has reaffirmed with these employees that employment decisions are not to be made on any basis that is prohibited by Title VII.

## IV.  TRAINING

The Defendant shall at least once a year during the term of this Consent Decree, in appropriate location(s), hold training session(s) for all officers, managers, and supervisors, who are employed at any one of Defendant's Georgia facilities. Said training session(s) shall address the Defendant's and its employees' equal employment opportunity obligations pursuant to Title VII, including, but not limited to, the Defendant's anti-retaliation obligations.

In connection with this training, the Defendant agrees to create a non-retaliation policy and to advise all employees that they will not be retaliated against for complaining about discriminatory conduct. The Defendant agrees to establish and implement a disciplinary policy with penalties up to and including discharge for personnel, including supervisors, managers, and other officials, who are found to have engaged in retaliation in violation of the Defendant's policy. The above-referenced policy provisions shall be instituted within 45 days of the entry of this Consent Decree. On or before that date, the Defendant shall certify to the Regional Attorney of the EEOC's Atlanta District Office that such policy provisions have been instituted for, at a minimum, all of its Georgia facilities.

The Defendant shall notify the EEOC at least 30 days in advance of the training regarding the date(s) and time(s) that the training contemplated by this

Section IV will be accomplished by the Defendant. The Defendant shall provide written certification to the EEOC of training completed pursuant to this Section IV within 30 days following completion of training. The certification shall include the names and qualifications of the person(s) providing instruction, names and job titles of attendees, length of training, training topics, and any other pertinent information about the training. If written training materials are utilized, the Commission shall be supplied with a copy of the materials within 10 business days prior to the training and will keep such materials strictly confidential.

All written certification required by this Section IV of the Consent Decree shall be addressed and forwarded to S. Robert Royal ("Regional Attorney") of the EEOC's Atlanta District Office, 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303.

### V. REPORTING REQUIREMENT

Every six months during the duration of this Consent Decree, the Defendant shall certify in writing to the Regional Attorney specifying whether an employee has complained about retaliation for opposing practices that the employee believed were in violation of Title VII or filed charges of discrimination or otherwise participated in the equal employment opportunity process. If an employee has so complained, then the summary report shall state in writing the following:

(a) The date of the complaint or report,

(b) The name of the person making the complaint or report,

(c) The name and title of the person against whom the complaint or report was made,

(d) The nature of the complaint or report,

(e) The name and title of the Defendant's official who learned of the complaint or report,

(f) What, if any, action was taken by the Defendant in response to the complaint or report (e.g., employee discipline), and

(g) A detailed narrative of how the complaint or report was resolved by the Defendant.

The required report shall be addressed and forwarded to the Regional Attorney of the EEOC's Atlanta District Office at the above-referenced address. Such a summary report shall be kept confidential and will not be released absent a court order.

## VI.   NOTICES TO BE POSTED

The Defendant shall post at each of its Georgia facilities the Notice attached hereto as Exhibit A for 24 calendar months immediately following the Court's entry of this Consent Decree. The posting required by this paragraph shall be conspicuously made in common or work area(s) at each of its Georgia facilities, so that each employee of a facility will observe at least one such posting when at the facility. The Defendant shall certify the completion of the posting within 45 days

from the entry of this Consent Decree. All written certification required by this Consent Decree shall be addressed and forwarded to the Regional Attorney of the EEOC's Atlanta District Office at the above-referenced address.

The Defendant shall not withhold the right of the Commission to enter upon the Defendant's premises to monitor compliance with this Section VI of the Consent Decree, so long as written notice is provided to the Defendant's Compliance Official at least five days in advance of the proposed monitoring visit. The Defendant's Compliance Official shall accompany the Commission during any monitoring visit. Should the Notice become defaced, marred, or otherwise unreadable, the Defendant shall ensure that a new, readable copy of the Notice is posted in the same manner as heretofore specified within five business days.

### VII. CHARGING PARTY'S INDIVIDUAL RELIEF:

#### A. Monetary Relief

The Defendant, in settlement of all alleged claims of financial loss due to alleged discriminatory employment practices, shall provide the Plaintiff-Intervenor a total of Three Hundred Seventeen Thousand Dollars and Zero Cents ($317,000.00), within ten days of the entry of this Consent Decree. The parties recognize that withholding by the Defendant of federal, state, and local taxes

required by law, if any, is made without admission of liability on the part of the Defendant.

### B.     Neutral References

The Defendant agrees that, if it receives inquiries from persons or prospective employers seeking a reference or other employment related information regarding Plaintiff-Intervenor, it shall provide no less than a neutral reference, citing the dates of employment and the position(s) held, and will make no mention of the fact that Ms. Cantu filed charges of discrimination or that the instant lawsuit was filed. Ms. Cantu agrees to direct all employment reference inquiries to Defendant's Director-Human Resources and Associate Counsel.

### VIII. COMPLIANCE OFFICIAL

The Defendant has designated Mike Weinstein, Director-Human Resources and Associate Counsel, as the Defendant's Compliance Official who shall be responsible for the Defendant's compliance with the Consent Decree. The Compliance Official is to be responsible for coordinating and overseeing the Defendants' compliance with the specific terms of the Consent Decree during the term of the Consent Decree.

## IX. PROCEDURE FOR ENFORCING COMPLIANCE

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal mediation and consultation before seeking enforcement through the judicial process. If the Commission has any reason to believe that any action or omission by the Defendant is in violation of the Consent Decree, it will notify, by first class mail and facsimile, Mike Weinstein, Director-Human Resources and Associate Counsel, at 2727 Paces Ferry Road, Suite 2-1200, Atlanta, Georgia 30339. The Defendant shall have 30 days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney of the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies. If upon receipt of the Defendant's report, the Commission concludes that the deficiency has not been satisfactorily cured by the Defendant, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved within 30 days after the initiation of such good faith conciliation or mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process. Notwithstanding any of the foregoing, nothing in this agreement shall be deemed to prohibit any matter which occurred during the term of this Consent

Decree, and which constitutes a dispute as contemplated by this Section IX, from being fully and completely processed in the manner described in Section IX, even though the dispute is not resolved within 30 days of the termination of this Consent Decree.

## X. TERMS OF DECREE - PERIOD OF JURISDICTION

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of 24 calendar months immediately following the entry of the Consent Decree, provided that all remedial benefits required hereby have been received or offered prior to its expiration, and provided that all required reports and certifications are submitted at least 30 days prior to the expiration date of the Consent Decree. If the remedial benefits are not received or offered as agreed in the Consent Decree, or if the required reports are not submitted within 30 days of the expiration date of the Consent Decree, the duration of the Consent Decree will be automatically extended until these provisions are completed.

Upon the Court's execution and entry of this Consent Decree, this case shall be dismissed with prejudice. However, this Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree, and for any other appropriate or equitable purposes, for 24 calendar months from the date of entry of this Consent Decree, unless the Court acts, or the Commission has,

prior to the expiration of said 24 month period, moved to enforce compliance with the Consent Decree. If this Court acts, or the Commission has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the 24 month period have been resolved.

## XI. OTHER ACTIONS

The Commission shall not commence or prosecute against the Defendant any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities which arose out of Plaintiff-Intervenor's claims that she was retaliated against by the Defendant in violation of Title VII, as embodied in EEOC Charge Numbers 110A14796 and 110A14811, which were filed with, and investigated by, the EEOC's Atlanta District Office. This Consent Decree in no way affects the Commission's right to process any pending or future charges that may be filed against the Defendant in accordance with standard Commission procedures, and to commence civil actions pursuant to Section 706(f) of Title VII on any such charge. Nothing herein shall preclude the Commission from bringing an action to enforce the provisions of this Consent Decree.

## XII. COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs and attorneys' fees for this action. This Consent Decree and its terms are not confidential and are subject to public disclosure. The parties hereto and the undersigned attorneys of record for the parties hereby consent to the entry of the foregoing Consent Decree.

## XIII. JOINT PRESS RELEASE

The EEOC and Defendant agree to use their best efforts to prepare and issue a joint press release announcing the settlement of this case and the entry of this Consent Decree. If the EEOC and Defendant agree upon and issue a joint press release, the Commission will not issue a separate press release concerning this case or the entry of this Consent Decree. Nothing herein shall be construed as limiting the EEOC from complying with and/or meeting its reporting obligations.

BY CONSENT:

For Plaintiff:

S. ROBERT ROYAL
Georgia Bar No. 617505
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
ATLANTA DISTRICT OFFICE - LEGAL UNIT
100 Alabama Street, SW
Suite 4R30
Atlanta, Georgia 30303
(404) 562-6818

For Defendant:

John F. Meyers, Esquire
Georgia Bar No. 503692
Alex S. Drummond, Esquire
Georgia Bar No. 231116
Seyfarth Shaw LLP
One Peachtree Pointe, Suite 700
1545 Peachtree St., N.E.
Atlanta, Georgia 30309-2401
(404) 885-1500

Antony B. Klapper, Esquire
Kirkland & Ellis LLP
655 15th Street, N.W.
Suite 1200
Washington, DC 20005

APPROVED, DONE, and SIGNED this 21ST day of November, 2005.

_____
ROBERT L. VINING, JR.
SENIOR UNITED STATES DISTRICT JUDGE

## [Either EEOC or Defendant letterhead]

## N O T I C E

1. This notice to all employees of Intown Suites Management Inc. (hereinafter the "Defendant") is being posted as part of a Settlement between the Defendant and the Equal Employment Opportunity Commission in a Consent Decree filed in the United States Federal District Court for the Northern District of Georgia, Atlanta Division (Civil Action No. 1:03-CV-1494-RLV).

2. Federal Law requires, in general, that there be no discrimination against any employee or applicant for employment because of the person's race, color, religion, sex, pregnant condition, national origin, disability or age with respect to hiring, firing, compensation or other terms, conditions or privileges of employment.

3. Federal Law also requires, in general, that an employer not retaliate or take any adverse action against an individual because s/he opposed practices that s/he believed were in violation of Title VII or filed charges of discrimination or otherwise participated in the equal employment opportunity process.

4. The Defendant supports and will comply with such Federal Law in all respects and will not take any action against employees because of their sex, pregnant condition, race, color, religion, national origin, disability or age or because they have exercised their rights under the law.

5. The Defendant has taken and will continue such action as is required by the Consent Order entered by the United States District Court, including the posting of this notice.

6. This notice will remain posted for twenty-four (24) months, until November 21, 2007.

Signed this _____ day of _____, 2005.

_____
Intown Suites Management, Inc.

DO NOT REMOVE THIS NOTICE UNTIL

November 21, 2007.